FILED
SUPERIOR COURT
OF GUAM

2019 MAY 13 PM 3: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM, | |
|---|---|
| Plaintiff, | Case No. CF0719-18 |
| vs. | **DECISION AND ORDER** |
| JUNIOR KETE,<br>DOB: 11/12/2002 | |
| Defendant. | |

### INTRODUCTION

The 16-year-old Defendant is being charged as an adult for first degree criminal sexual conduct as a first degree felony and has moved to transfer the case to the Family Court. This matter is before the Honorable Michael J. Bordallo. The People of Guam (the "People") are represented by Assistant Attorney General Christine Santos Tenorio. Defendant Junior Kete ("Defendant") is represented by Attorney William C. Bischoff of the Public Defender Service Corporation. Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion for Transfer to Family Court.

# BACKGROUND

This matter arises out of Defendant's Motion for Transfer to Family Court, filed Feb. 7, 2019. The People filed an opposition ("Opposition") on Feb. 20, 2019. The Court then took the matter under advisement.

# FACTS

1. Defendant allegedly sexually assaulted his classmate, a 14-year-old girl, on Nov. 28, 2018, about two weeks after he turned 16.

2. The alleged incident took place during school hours behind the gym at the high school both youths attend.

3. The victim stated that she had gone to look for a lighter her friend had left in the gym, but she couldn't find it. She originally thought the gym was empty but then realized Defendant was following her. She stated that while they were both behind the gym, he asked for sex. She stated that she refused and tried to escape, but he grabbed her hand and wouldn't let her escape.

4. He allegedly threatened her that if she didn't have sex with him, he would tell her boyfriend that she was involved with the boyfriend's brother. She stated that she tried to escape again, but he threw her to the ground, causing her to hit her head and become dizzy, though still remain conscious.

5. Allegedly, he then removed her pants and forcibly began to have sexual intercourse with her.

6. She stated that she then slapped and punched him and yelled for help, but he slapped her hard, causing her to become dazed and again feel dizzy.

7. The Magistrate's Complaint states that the victim "felt pain since she was a virgin." Magistrate's Compl. 3.

8. She stated that when he finished, he left her alone behind the gym. After she collected herself, she stated that she returned to class in pain, traumatized, and feeling sick.

9. Defendant admits to having sex with the victim but claims that it was consensual.

10. Defendant is charged with First Degree Criminal Sexual Conduct (As a First Degree Felony), Third Degree Criminal Sexual Conduct (As a Second Degree Felony), Assault with Intent To Commit Criminal Sexual Conduct (As a Third Degree Felony), and Unlawful Restraint (As a Misdemeanor).

11. Defendant has moved to transfer his case to the Family Court, and the People have opposed the motion.

12. The matter is now before the Court.

## ISSUE

1. Whether to transfer this case to the Family Court.

## PRINCIPLES OF LAW

If a child is 16 or older at the time of the offense, the Guam Code states that the child must automatically be charged as an adult for any offense that would constitute a first or second degree felony and any acts that would constitute misdemeanors or third degree felonies that form part of the same scheme of criminal activity as the felony. 19 GCA § 5106(a). Notwithstanding those requirements, either party may move for the complaint or indictment to be transferred to the Family Court, or the Court may do so *sua sponte*. Id. at (d). The case may be transferred if after weighing multiple factors, the Court finds "clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court ...." Id. The factors the Court must evaluate include the minor's age; the minor's history, such as previous delinquent behavior, any abuse of the minor, and any mental or physical health issues; the seriousness of

the offense and whether the offense was committed in an aggressive and premeditated manner; evidence that the offense caused serious bodily harm; the advantages of treating the minor within the juvenile system; and other relevant factors. Id. The statute requires the Court to give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors. Id.

Guam law defines serious bodily injury as "bodily injury which creates: serious permanent disfigurement; a substantial risk of death or serious, permanent disfigurement; severe or intense physical pain; or protracted loss or impairment of consciousness or of the function of any bodily member or organ." 9 GCA § 16.10. Other statutes refer to § 16.10 to define serious bodily injury, such as the statutes for assault, kidnapping, and family violence. See 9 GCA §§ 19.10, 22.10, and 30.20(d).

## ANALYSIS

The Court must weigh the allegations Defendant faces against the factors in 19 GCA § 5106(d) to determine whether to transfer his case to Family Court. One factor in his favor is his age. If the incident had occurred only three weeks earlier, he would have been only 15, and the Family Court would have automatically retained jurisdiction. A factor that weighs against him is that the offense is among the most serious of first degree felonies, and the Court must weigh the seriousness of the offense more heavily than other factors. First degree criminal sexual conduct requires a minimum sentence of fifteen years imprisonment with a maximum of life imprisonment without the possibility of parole. 9 GCA § 25.15(b). Other first degree felonies, like kidnapping, home invasion, carjacking, and robbery require a minimum sentence of only ten years and none of them have a maximum sentence of life imprisonment. See 9 GCA §§ 22.20(b), 37.240(a), 37.350(a), and 40.10(b). Another first degree felony, a second or subsequent burglary to a school, is even less serious. It requires an incarceration sentence of a

minimum of 10 years but a maximum of 20 years. The statute adds that if the offender is under 18, the Court has discretion to suspend all or a portion of the minimum sentence and may encourage the Balanced Approach Restorative Justice Process. 9 GCA 37.20(c). It is apparent to the Court that the legislature considers first degree criminal sexual conduct to be among the most serious of first degree felonies, a factor that weighs heavily against Defendant.

Also, Defendant allegedly committed the crime in an aggressive manner after a period of premeditation, and he has a previous record of delinquency. He allegedly followed the victim behind the gym to commit the act. He allegedly prevented her from escaping twice, including once when he threw her to the ground, causing her to hit her head so hard she became dizzy. During the act of sexual intercourse, she allegedly struggled and yelled for help, so he allegedly slapped her hard enough to make her dizzy again. Defendant's alleged violence at several different moments during the encounter increase the seriousness of the crime and weighs strongly against him. The alleged fact that he followed the victim until they were behind the gym is evidence of premeditation of the crime. Regarding a prior record of delinquency, Defendant was previously charged with underage drinking. That charge is not connected to the instant matter, but it weighs against him, and the Court must weigh this factor more heavily than others.

The Court has also weighed the facts of the case against the statutory definition of serious bodily injury. See 9 GCA § 16.10. The Court believes a jury could find that the victim suffered "severe or intense physical pain" and "impairment of consciousness," and she might therefore be considered to have suffered serious bodily harm under the statute. The Court must also weigh the value the juvenile justice system may have for this Defendant. The Court recognizes the benefits for youth of being treated in the juvenile system, such as the minor maintaining anonymity, the treatment programs to prevent repeat offenses, efforts to develop

the juvenile into a productive citizen, and so forth. However, given the seriousness of the crime along with the aggravating factors in this case, the value of the juvenile system for this Defendant in these circumstances would have to be higher than the Court believes it to be for the Court to transfer this case.

The legislature's default position is that youths ages 16 and 17 who commit first degree felonies must be tried as adults. If certain factors are present that clearly allow an exception, those minors may be tried in Family Court. In the instant case, few of those factors weigh in Defendant's favor, as explained before. The Court views Defendant's alleged premeditation of the crime, his alleged repeated violence against the victim, his alleged efforts to prevent her from escaping during the course of the incident, and his prior record of delinquency as significant factors weighing against him in a crime that by itself is already one of the most serious first degree felonies in Guam. After careful consideration, the Court is not persuaded by clear and convincing evidence that the best interest of Defendant would be amenable and responsive to the care, treatment, and training programs available through the facilities of the juvenile court. Therefore, the Court will not grant Defendant's Motion.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion for Transfer to Family Court.

SO ORDERED, this ___13___ day of ___May___ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG; PDSC

_____

Date: 5|13|19 Time: 3:20

Deputy Clerk, Superior Court of Guam

Page **6** of **6**